UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

ROSE WATERS,

              Plaintiff,

                                    REPORT AND
   - against -                    RECOMMENDATION

NEW YORK UNIVERSITY MEDICAL CENTER     CV 2004-3174 (ERK)(MDG)
and LONG ISLAND COLLEGE HOSPITAL,

              Defendants.

- - - - - - - - - - - - - - - - - - -X

GO, UNITED STATES MAGISTRATE JUDGE:

     In this action, the plaintiff, now deceased, brought claims under 42 U.S.C. § 1981 and state law concerning medical treatment she received from the defendants. Following receipt of a letter from counsel for defendant advising of plaintiff's death, this Court deemed the letter a suggestion of death on the record under Rule 25(a) of the Federal Rules of Civil Procedure and advised that substitution needed to be sought by June 7, 2005. See endorsed order filed on March 16, 2005 (ct. doc. 12). After this deadline passed without any action by plaintiff, this Court issued a further order requiring a status report. See ct. doc. 14. Plaintiff's counsel then belatedly requested an extension of time to substitute which this Court granted, extending the deadline to September 30, 2005. See ct. doc. 15. Plaintiff still failed to act even after defendant filed a letter request on October 14, 2005 to dismiss for failure to effectuate substitution. By order dated April 4, 2006, this Court warned that it would recommend dismissal for failure to prosecute if

plaintiff's counsel failed to file a status report by April 24, 2006. See ct. doc. 18.

To date, plaintiff has not sent the required status report and there has been no further action in this case on the part of plaintiff.

DISCUSSION

This Court has the discretion to impose sanctions, including dismissal, for failure to prosecute. Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962). Because dismissal is a drastic sanction, it "should not be utilized without a careful weighing of its appropriateness." Dodson v. Runyon, 86 F.3d 37, 39 (2d Cir. 1996). Among pertinent factors for consideration are (1) the duration of a plaintiff's failures; (2) whether a plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the need to alleviate court congestion with a party's right to due process; and (5) the efficacy of lesser sanctions. Shannon v. General Electric Co., et al., 186 F.3d 186, 193 (2d Cir. 1999); Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994).

The pertinent factors weigh in favor of dismissal in this case. In applying the factor of duration, we ask "1) whether the failures to prosecute were those of the plaintiff; and 2) whether these failures were of significant duration." Martens v. Thomann, Nos. 00-7688(L), 00-7768, 00-7772(CON), 2001 WL 1478657, at *14 (2d Cir. Nov. 20, 2001) (quoting Spencer v. Doe, 139 F.3d 107, 113 (2d Cir. 1998)). Since the suggestion of death on the

record over one year ago, plaintiff has done nothing to further this case. Despite warnings by the Court, plaintiff's counsel has neither moved to substitute nor advised the Court of the progress in appointing an executor or administrator for the Estate of Rose Waters since his July 29, 2005 letter. Plaintiff's counsel has still not submitted a report to the Court, as required by the April 4, 2006 order.

Because of plaintiff's failure to move to substitute, no discovery has taken place and any resolution of this case has been substantially delayed. As the Second Circuit has recognized, "prejudice resulting from unreasonable delay may be presumed as a matter of law." Peart v. City of New York, 992 F.2d 458, 462 (2d Cir. 1993) (quoting Lyell Theatre Corp., et al. v. Loews Corp., et al., 682 F.2d 37, 43 (2d Cir. 1982)). A presumption of prejudice is particularly appropriate where, as here, there has been no activity for over one year. See, e.g., Shannon, 186 F.3d at 195 (two-year delay justified dismissal); Lyell, 682 F.2d at 43 (noting that "in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater").

In addition, the court has also warned plaintiff's counsel that failure to respond could result in dismissal. Cf. Baffa v. Donaldson, Lufkin & Jenrette Securities Corp., 222 F.3d 52, 63 (2d Cir. 2000) (dismissal vacated where plaintiffs were not given prior notice of possible dismissal). In the order of April 4, 2006, this Court clearly warned that dismissal would be recommended if plaintiff failed to submit a report. While, as discussed below, this Court cannot be certain whether the

beneficiaries of plaintiff's estate have received proper notice under Rule 25(a), this Court assumes that plaintiff's counsel, who had ample notice, did make efforts to contact these beneficiaries.  Yet, there has been no response to this Court's last order.

While this Court should ordinarily consider the appropriateness of lesser sanctions, <u>Dodson</u>, 86 F.3d at 40; <u>Colon v. Mack</u>, 56 F.3d 5, 7 (2d Cir. 1995); <u>Jackson</u>, 22 F.3d at 75, there is no indication that a lesser sanction, such as a fine, would be effective, given the silence on the part of plaintiff's counsel and the absence of any indication of an interest in pursuing this case.  No action can be taken here until substitution is accomplished.

Under the circumstances, the Court's need for orderly case administration clearly outweighs the interest, if any, of the beneficiaries of the deceased plaintiff's estate in this litigation.  <u>See</u> <u>Carlisle v. United States</u>, 517 U.S. 416, 426 (1996); <u>Palmieri v. Defaria</u>, 88 F.3d 136, 140 (2d Cir. 1996) (authority necessary to manage affairs to achieve the orderly and expeditious disposition of cases); <u>see</u> <u>also</u> <u>Lukensow v. Harley Cars</u>, 124 F.R.D. 64, 66 (S.D.N.Y. 1989) ("It is not the duty of the Court...to contact plaintiffs and to urge or require them to prosecute this action....").  Nevertheless, since dismissal is a harsh remedy warranted only under "extreme circumstances,"

Spencer, 139 F.3d at 112, I recommend that this Court exercise its discretion to dismiss this action without prejudice.[1]

As this Court's prior orders make clear, this action may not proceed until substitution of the deceased plaintiff by a personal representative. Rule 25(a)(1) of the Federal Rules of Civil Procedure provides:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Fed. R. Civ. P. 25(a)(1). However, despite the mandatory language in the rule that claims against a deceased party must be dismissed if no motion is made within 90 days of a suggestion of death, courts have extended the time to file a motion for substitution both before and after the expiration of the 90 day period. See Kernisant v. City of New York, 225 F.R.D. 422, 427 (S.D.N.Y. 2005); Billino v. Citibank, N.A., No. 94-CV-3231, 1996 WL 1088925, at *1 (E.D.N.Y. Sept. 10, 1996); Zeidman v. General

---

[1] Rule 41(b) specifies that:

Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

-5-

Accident Ins. Co., 122 F.R.D. 160, 161 (S.D.N.Y. 1988). More importantly, because it is unclear whether the suggestion of death upon the record was served on the deceased's representative or successor, as required by Rule 25, dismissal on this ground alone would not be appropriate. See Barlow v. Ground, 39 F.3d 231, 233-35 (9th Cir. 1994) (reversing dismissal of action because estate of deceased was not properly served with suggestion of death); Grandbouche v. Lovell, 913 F.2d 835, 837 (10th Cir. 1990) (affirming denial of motion to dismiss for failure to properly serve successors or representatives of deceased party's estate); Hilsabeck v. Lane Co., Inc., 168 F.R.D. 313, 314 (D. Kan. 1996) (denying motion to dismiss for failure to serve suggestion of death on successors or representatives of deceased); Fehrenbacher v. Quackenbush, 759 F. Supp. 1516, 1518-19 (D. Kan. 1991) (same). Rule 25(a) requires that the suggestion of death be personally served on the nonparty successors or representatives of the deceased without which the running of the 90 day period is not triggered. See Barlow, 39 F.3d at 233; Allah v. Juchnewioz, No. 93 Civ. 8813, 2003 WL 22144352, at *2 (S.D.N.Y. Sept. 16, 2003); George v. United States, 208 F.R.D. 29, 31-32 (D. Conn. 2001); Stephens v. American Risk Mgmt Inc., No. 89CIV2999, 91CIV2898, 1995 WL 479438, at *2-*3 (S.D.N.Y. Aug. 14, 1995).

## CONCLUSION

I therefore recommend that this Court dismiss this action for failure to prosecute and comply with the orders of the Court, but that the dismissal be without prejudice.

Copies of this Report and Recommendation will be sent by overnight mail or electronically to the parties on this date. Any objections to this report and recommendation must be filed with the Clerk of the Court, with a copy to the undersigned and the Honorable Edward R. Korman, on or before June 27, 2006. Failure to file objections within the specified time waives the right to appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**SO ORDERED.**

Dated: Brooklyn, New York
June 13, 2006

/s/
MARILYN DOLAN GO
UNITED STATES MAGISTRATE JUDGE